UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Erica Lee, Personal Representative of the Estate of Joseph Lee, Deceased, | Case No. 16-13116 |
| Plaintiff, | Arthur J. Tarnow<br>United States District Judge |
| v. | |
| County of Genesee, *et al*, | Stephanie Dawkins Davis<br>United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION:
DEFENDANT BEXTON'S MOTION FOR JUDGMENT ON
PLEADINGS (Dkt. 18) AND PLAINTIFF'S MOTION TO
VOLUNTARILY DISMISS DEFENDANT BEXTON (Dkt. 25)**

**I.    PROCEDURAL HISTORY**

This prisoner civil rights case was filed by the Estate of Joseph Lee on August 29, 2016 against Genesee County, Officer Steve Little, and Nurse John Bexton. (Dkt. 1). All defendants have filed answers to the complaint. (Dkt. 12, 16). This matter was referred to the undersigned magistrate judge for all pretrial proceedings by District Judge Arthur J. Tarnow. (Dkt. 19). Defendant Bexton filed a motion for judgment on the pleadings as to Counts III (Negligence) and IV (Intentional Infliction of Emotional Distress) (IIED) of the Complaint. (Dkt. 18). Plaintiff filed a response on November 15, 2016. (Dkt. 23). In that response, plaintiff agreed that the gross negligence claim should be dismissed, but disputed

1

that the IIED could not stand on its own. (Dkt. 23). In reply, Bexton maintains that there can be no dispute that an IIED claim in the context of a professional medical relationship sounds in medical malpractice. (Dkt. 24).

On November 28, 2016, plaintiff then moved to voluntarily dismiss Bexton from this lawsuit, without prejudice. (Dkt. 25). Plaintiff maintains that such a dismissal is proper because Bexton will suffer no prejudice as a result, given the early stages of this litigation, although this motion is very short on analysis. In response, Bexton maintains that if the Court decides to dismiss all claims against him, it should be with prejudice because Bexton has already incurred significant effort and expense preparing for trial, as required by the Court's Case Management Order. (Dkt. 27). Bexton also points to plaintiff's lack of diligence and failure to provide any explanation in support of the need for a voluntary dismissal. *Id*. Plaintiff did not file a reply in support of this motion. At the hearing, plaintiff agreed that Counts III and IV should be dismissed with prejudice as against defendant Bexton. Thus, the only remaining dispute is whether the deliberate indifference claim (which was not the subject of Bexton's motion for judgment on the pleadings) should be dismissed with or without prejudice pursuant to plaintiff's motion for voluntary dismissal.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's claim for deliberate indifference under the Eighth Amendment against

Bexton be **DISMISSED WITHOUT PREJUDICE** and that Counts III and IV against Bexton be **DISMISSED WITH PREJUDICE**, pursuant to plaintiff's counsel's concession on the record at the hearing on March 28, 2017.

## II.  ANALYSIS AND CONCLUSION

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). Rule 41(a)(2) provides in pertinent part:

> ***By Court Order; Effect***.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. 41(a)(2). Rule 41(a)(2) is "a discretional procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal 'as the court deems proper.'" *Bridgeport Music v. Universal-MCA Music Publ.*, 481 F.3d 926, 931 (6th Cir. 2007) (quoting Fed. R. Civ. P. 41(a)(2)). In the exercise of its discretionary authority under Rule 41(a)(2), "the district court must provide some indication as to why it exercised its discretion as it did." *Bridgeport Music*, 481 F.3d at 931.

It is generally held that a district court will grant a motion for voluntary dismissal unless a defendant can show that it will suffer some "plain legal

3

prejudice as a result." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). The prospect of facing a second legal proceeding is not sufficient to result in "plain legal prejudice" and is therefore insufficient on its own to defeat a motion for voluntary dismissal. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Likewise, the fact that the moving party may gain some tactical advantage in a future lawsuit is not sufficient to show plain legal prejudice. *See Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987). When considering a motion for voluntary dismissal, the court "should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718.

This matter is in its earliest stages having been filed well under one year ago and there appears to be no undue dely or lack of diligence by plaintiff. Indeed, plaintiff filed the motion for the voluntary dismissal of Bexton before the Case Management Order was issued in this matter. (Dkt. 25, 26). While plaintiff's motion for voluntary dismissal contained little explanation, plaintiff presented coherent, practical reasons (newly discovered evidence suggesting that the claims against Bexton have little or no merit) for seeking a voluntary dismissal at that hearing. In the instant case, Bexton's articulated concern over County employees

potentially being subjected to additional or duplicative discovery should Bexton later be brought back into this lawsuit simply does not demonstrate prejudice *to Bexton*. And, Bexton would be in the very same position had plaintiff sought to add him later in this lawsuit, after discovery was undertaken. In sum, the Court is not able to foresee any prejudice to defendant that outweighs the general rule favoring that a request for voluntary dismissal be granted without prejudice.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that plaintiff's claim for deliberate indifference under the Eighth Amendment against Bexton be **DISMISSED WITHOUT PREJUDICE** and that Counts III and IV against Bexton be **DISMISSED WITH PREJUDICE**, pursuant to plaintiff's counsel's concession on the record at the hearing on March 28, 2017.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 21, 2017                    s/Stephanie Dawkins Davis
                                        Stephanie Dawkins Davis
                                        United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on <u>April 21, 2017</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov